IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Mollie R. Lerner<br><br>Plaintiff<br><br>v.<br><br><br>Bela LLC d/b/a THE PERCH HOTEL; UNIVERSAL INSURANCE COMPANY; X COMPANY; B INSURANCE COMPANY.<br><br>Defendants | Civil No.<br><br><br>Plaintiff Demands Trial by Jury |

**COMPLAINT**

TO THE HONORABLE COURT:

**Comes now** the Plaintiff, Mollie Lerner, represented by the undersigned attorneys, and before this Honorable Court respectfully alleges and prays as follows:

I.   **THE PARTIES**

1.   Plaintiff, Mollie Lerner is of legal age, single and domiciled in the State of North Carolina.

2.   By information and/or belief, Co Defendant, Bela LLC d/b/a The Perch Hotel is a limited liability company organized under the laws of Puerto Rico, with registration number 511977.

3.   The Bela LLC conducts hotel business in Puerto Rico as The Perch Hotel, in the town of Isabela, Puerto Rico. As part of their hotel operations and business, they rent bicycles.

1

4. The Bela LLC is the owner of, manager and administrator of The Perch Hotel, located in Isabela Puerto Rico. By information and belief, the sole members of Bela LLC are Mr. Armond Lopez and Maureen Barron, of legal age, married to each other and domiciled in Puerto Rico.

5. By information and/or belief, Universal Insurance Company is a duly registered insurance company authorized to conduct the business of insurance in the Commonwealth of Puerto Rico, that at the time of the accident described in this complaint had issued and had in full force and effect, one or more insurance policies to cover the legal liability for negligence for accidents caused by negligence as further described in this complaint, to include policy number 09-561-000698524.

6. X Company is a fictitious name used to refer to another entity that owns, operates, and manages The Perch Hotel and its business operations. Once the identity of the unknown defendant has been properly determined, the complaint may be amended to include the correctly named defendant in an amended complaint.

7. B Insurance company, is a the name used to denominate and an unknown but duly registered insurance company authorized to conduct the business of insurance in the Commonwealth of Puerto Rico, that at the time of the accident described in this complaint had issued and had in full force and effect, one or more insurance policies to cover the legal liability for negligence for accidents

caused by negligence as further described in this complaint. Once its identity is made known, the complaint may be amended to also include said insurance company as an additional defendant.

## II.   TOLLING OF THE STATUTE OF LIMITATIONS

8.   The accident that gives origin to the present case occurred on October 12, 2024, and as per the Civil Code of Puerto Rico of 2020, and in particular Article 1204, 31 LPRA § 9496 at the time of filling the complaint the statute of limitations of one (1) year has not elapsed.

## III. THE FACTS AND DAMAGES

9.   On October 12, 2024, Ms. Mollie Lerner planned to rent a bike to ride to the Corona Surf Contest.

10.   Ms. Lerner and Mr. John Cannon went to the Perch Hotel to rent bicycles, a service offered by the defendant. As they arrived, they saw a woman washing a bike outside the hotel.

11.   Ms. Lerner spoke with the hotel staff and indicated that they wanted to rent bikes. The woman then went to the basement of the hotel and brought out two bicycles. At the time of delivery, Ms. Lerner completed a form to guarantee that the bikes would be returned.

12.   Ms. Lerner accepted the use of the bicycles, and the woman offered to text her instructions on how to ride along the

boardwalk to the Corona Surf Event. After this, Ms. Lerner and Mr. Cannon returned to their Airbnb to grab water and sunscreen before heading to the event.

13. On the way back to the Airbnb, Ms. Lerner and Mr. Cannon were riding on the sidewalk when they encountered a steep hill just before the turn leading down to the beach. As Ms. Lerner descended the hill, she began to pick up speed.

14. Despite multiple attempts to apply the brakes, the brakes failed and her bike did not slow down. She swerved into the road at an uncontrolled speed, went over the handlebars, and ended up under a truck that was driving uphill. She was run over by the white Ford truck during the crash.

15. Ms. Lerner was taken to the Emergency Room at El Buen Samaritano Hospital in Aguadilla, where she received emergency treatment. Once stabilized, she was transferred to Centro Médico Hospital in San Juan.

16. As a result of the accident, Ms. Lerner sustained injuries to various parts of her body, including her right knee, face, neck, arms, her Anterior Cruciate Ligament (ACL) and other areas.

17. MRI studies revealed multiple broken ribs, pneumothorax, and chronic tearing of the ACL in her right knee. These injuries caused Ms. Lerner to remain immobilized for an extended period.

18. Upon returning home, Ms. Lerner received treatment for all of her injuries during various months.

19. To this date, Ms. Lerner continues to experience pain in various parts of her body, her ribs, ACL and has limited mobility in her right knee.

20. As a result of the accident, Ms. Lerner is no longer able to perform various activities and pleasures of life that she engaged in prior to the accident.  She has permanent injuries.

21. Ms. Lerner continues to suffer from permanent injuries, pain, mental anguish, discomfort, distress, and embarrassment. For several months following the accident, she experienced marked limitations in mobility, which prevented her from exercising as she did prior to the incident. Additionally, she has been diagnosed with post-traumatic stress and depression, for which she has received psychological treatment.

22. The value of all damages related to her injuries, including past, present, and future pain, physical damages, permanent injuries, permanent impairment, and mental anguish, is estimated to exceed **TWO HUNDRED AND FIFTY THOUSAND DOLLARS** ($250,000).

23. ECONOMIC DAMAGES: As a result of the accident, she incurred in unwanted economic expenses, reasonably estimated in a sum in excess of **FIFTEEN THOUSAND DOLLARS** ($15,000).

**LIABILITY**

24. The accident resulting in the serious, severe, and permanent injuries suffered by Ms. Lerner was due to the exclusive fault and negligence of the defendants, its owners and its employees, and as a result of a defective and unserviceable hotel bicycle.

25. The defendant and its employees should never have provided a broken bicycle to Ms. Lerner that lacked proper inspection and maintenance.  The bicycle had unserviceable brakes.

26. The accident would not have occurred if the bicycle entrusted to Ms. Lerner had been properly maintained and cared for by the hotel and its employees.  Yet, they failed to act.

27. At the very least, the hotel and its employees should have inspected, repaired, and properly maintained the bicycle before providing it to Ms. Lerner.

28. Prior to giving possession of the bicycle to Ms. Lerner, the defendants and their employees failed to warn her that little or no maintenance had been performed on the hotel bicycle and that it could be in a state of disrepair.

29. Defendants and their employees also failed to inform Ms. Lerner that due to the lack of maintenance, inspection, and repair, the bicycle could malfunction while in use.

30. The defendants failed to warn Ms. Lerner that the inspection, maintenance, and repair program for the bicycles was

6

lax or nonexistent, and that she should carefully inspect the bicycle before use.

31. The hotel did not employ properly trained personnel to repair and maintain the bicycles, nor to provide proper safety and warnings.

32. The hotel and its management and its owners failed to supervise employees to ensure that those entrusted with the inspection, maintenance, and repair of bicycles were performing their duties properly.

33. Had Ms. Lerner been properly warned, she would not have agreed to rent nor ride the defective bicycle, which placed her life at risk and that eventually resulted in an accident and the terrible consequences of the same.

34. The defendants' careless and negligent attitude in failing to inspect, repair, and maintain the hotel bicycle and in providing proper warnings and instructions, caused the accident and the severe consequences suffered by Ms. Lerner.

35. The defendants and their employees, as part of their duty to maintain hotel property, should have noticed that the brakes were not functioning and have never given possession of the bicycle to Ms. Lerner.

36. Instead of identifying the bicycle's disrepair, the defendants provided the bicycle to Ms. Lerner without proper

inspection, leading to the accident and resulting life changing damages.

37. At all relevant times, the defendants, its owners and their employees, particularly those working in the bicycle area, had a duty to inspect, monitor, maintain, and repair bicycles to prevent avoidable accidents, yet they failed to act.

38. At all relevant times, the defendants and their employees had a duty to warn Ms. Lerner of the inherent dangers of a faulty bicycle in need of repair. They failed to do so.

39. The accident would not have occurred but for the joint fault and negligence of the defendants and their hotel employees.

40. As Puerto Rico innkeepers and as owners, supervisors, operators, and administrators of the hotel, the defendants are responsible for failing to identify, repair, and eliminate the dangerous condition created by improperly maintained and broken bicycles.

41. Pursuant to Puerto Rico law, specifically Article 1536 of the Civil Code of Puerto Rico, all defendants are jointly and severally liable for the damages claimed herein.

42. All insurance company defendants, under the Insurance Code of Puerto Rico, are directly liable to the plaintiff according to the terms of the policies in effect at the time of the accident, for all damages suffered as a result of the negligent acts of the defendants.

43.  Plaintiff demands trial by jury.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment for plaintiff, for the relief demanded in the complaint with the imposition of reasonable attorneys' fees and costs.

In San Juan, Puerto Rico, this 10th day of October, 2025.

**RIVERA-ASPINALL, GARRIGA
& FERNANDINI LAW FIRM**
Attorneys for Plaintiff
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
Email: aspinall@ragflaw.com

*S/Julian Rivera Aspinall*
Julian Rivera-Aspinall
USDC# 208506